**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    JUNICHIRO SONODA, *et al.*,                    No. C-11-1803 EMC

9              Plaintiffs,

10        v.                                        **ORDER DENYING DEFENDANT'S
                                                    MOTION TO TRANSFER**
11   AMERISAVE MORTGAGE
     CORPORATION,                                   **(Docket No. 19)**
12
               Defendant.
13   _____/

14

15

16        Plaintiffs Junichiro Sonoda, Lien Duong, and Marvin Kupersmith have filed a class action

17   against Defendant Amerisave Mortgage Corporation.  Among the causes of action alleged in the

18   complaint are claims for violation of the Truth in Lending Acct ("TILA"), violation of the California

19   Consumers Legal Remedies Act ("CLRA"), violation of California Business & Professions Code §

20   17200, violation of the Maryland Consumer Protection Act, and violation of the Florida Deceptive

21   and Unfair Trade Practices Act.  Currently pending before the Court is Amerisave's motion to

22   transfer.  Having considered the parties' briefs and accompanying submissions, as well as the oral

23   argument of counsel, the Court hereby **DENIES** the motion to transfer.

24                      I.    FACTUAL & PROCEDURAL BACKGROUND

25        Plaintiffs are citizens of different states.  Mr. Sonoda is a citizen of California, Ms. Duong a

26   citizen of Maryland, and Mr. Kupersmit a citizen of Florida.  *See* Compl. ¶¶ 11-13.  According to

27   Plaintiffs, Amerisave is a licensed originator of mortgages in California, Maryland, and Florida and

28   throughout the United States.  *See id.* ¶ 15.  Plaintiffs have filed suit against Amerisave alleging that,

in conjunction with their applying for a mortgage loan: (1) Amerisave charged each of them a property appraisal fee before providing a Good Faith Estimate of closing costs (allegedly a violation of TILA), *see id.* ¶ 29; and (2) Amerisave made to each of them deceptive promises about a lock-in rate that it did not intend to honor. *See id.* ¶ 32.

Plaintiffs seek relief not only on behalf of themselves but also on the behalf of a nationwide class. In addition, Mr. Sonoda seeks relief on behalf of a California subclass, Ms. Duong on behalf of a Maryland subclass, and Mr. Kupersmit on behalf of a Florida subclass. The proposed nationwide class is defined as "[a]ll individuals who applied for a home mortgage with Amerisave, and were required to and did pay a property appraisal fee and/or other fees (other than a credit check) before receiving a Good Faith Estimate." *Id.* ¶ 64. The proposed statewide subclasses have essentially the same definition, except that they are limited to a specific state (*i.e.*, California, Maryland, and Florida).

The following claims have been asserted in the class action complaint:

(1)     Violation of the Truth in Lending Act ("TILA").

(2)     Breach of contract.

(3)     Breach of the implied covenant of good faith and fair dealing.

(4)     Violation of the California CLRA (asserted by Mr. Sonoda only on his own behalf and on behalf of the California subclass).

(5)     Violation of California Business & Professions Code § 17200 (asserted by Mr. Sonoda only on his own behalf and on behalf of the California subclass).

(6)     Violation of California Business & Professions Code § 17500 (asserted by Mr. Sonoda only on his own behalf and on behalf of the California subclass).

(7)     Violation of the Maryland Consumer Protection Act (asserted by Ms. Duong only on her own behalf and on behalf of the Maryland subclass).

(8)     Violation of the Florida Deceptive and Unfair Trade Practices Act (asserted by Mr. Kupersmit only on his own behalf and on behalf of the Florida subclass).

In the currently pending motion to transfer, Amerisave – a Georgia corporation – seeks to transfer the entire case to the Northern District of Georgia.

**United States District Court**
For the Northern District of California

## II.   DISCUSSION

A.      Legal Standard

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the instant case, Amerisave seeks a transfer to the Northern District of Georgia. Plaintiffs do not dispute that the Northern District of Georgia is a district where their action might have been brought. Accordingly, the only question is whether this Court should transfer the action for the convenience of parties and witnesses.

As to this issue, a district court has discretion in deciding whether or not to transfer. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (a "district court's decision to change venue is reviewed for abuse of discretion"; adding that "'[w]eighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge'"). The Ninth Circuit has noted that, in making the decision, a court may consider factors such as:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" . . . .

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (discussing private and public factors affecting the convenience of a forum). Consistent with the above, courts in this District have commonly articulated the relevant factors:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-Mcneil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (Illston, J.).

Importantly, the Ninth Circuit has stated that in general "[t]he defendant must make a *strong*

**United States District Court**
For the Northern District of California

1   *showing* of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker*, 805 F.2d at

2   843 (emphasis added).

3   B.   <u>Neutral Factors</u>

4          Many of the above factors are neutral – *i.e.*, they do not weigh in favor of either side or, at

5   best, only marginally weigh in favor of one side.  For example, the court congestion factor is

6   essentially neutral because, although there appear to be more cases in this District than in the district

7   court in Georgia, the average time from filing to trial is slightly faster here.  *See* Ederle Decl. ¶¶ 4-5.

8          As another example, the local interest factor is also neutral because, on the one hand,

9   California has an interest in protecting its consumers, but, on the other hand, Georgia has an interest

10   in regulating its own corporations.

11          The familiarity of each forum with the applicable law is yet another example of a basically

12   neutral factor.  Although there are several California state law claims being asserted by Plaintiffs,

13   that does not mean that this Court is therefore better equipped to deal with the claims than the

14   Georgia district court.  This Court may be more familiar with California law, "but it is also true that

15   other federal courts are fully capable of applying California law."  *Foster v. Nationwide Mut. Ins.*

16   *Co.*, No. C 07-04928 SI, 2007 WL 4410408, at *6 (N.D. Cal. Dec. 14, 2007) (adding that, "where a

17   federal court's jurisdiction is based on the existence of a federal question, as it is here, one forum's

18   familiarity with supplemental state law claims should not override other factors favoring a different

19   forum").  Furthermore, Plaintiffs conceded at the hearing there is a possibility the Georgia law

20   applies to some claims.

21          As for the factor on ease of access to evidence, it at best weighs only slightly in favor of

22   Amerisave because, although the bulk of the evidence will likely be located in Georgia (*i.e.*,

23   evidence as to Amerisave's policies and practices), Amerisave has not made any claim that

24   "transporting records or reducing them to electronic form would cause [it] significant hardship."

25   *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 13 1353, 1362 (N.D. Cal. 2007) (Alsup, J.).

26   Furthermore, Amerisave has identified two California witnesses who worked for Amerisave and

27   who likely possess relevant information (and implicitly might have possession of documentary

28   evidence).

United States District Court

For the Northern District of California

1    Finally, the party convenience factor is ultimately neutral because, as Moore's treatise notes,

2    "when the plaintiff resides in the chosen forum and the defendant resides in the proposed transferee

3    district, one or the other unavoidably will be inconvenienced whether transfer is granted or not."[1]

4    17-111 Moore's Fed.Prac. – Civ. § 111.13[1][e][i].  Plaintiffs' financial ability argument has little

5    resonance because (1) "the relative financial ability of the parties is generally not entitled to great

6    weight," *Cordua v. Navistar Int'l Transp. Corp.*, No. C 10-04961 CW, 2011 U.S. Dist. LEXIS 3345,

7    at *10-11 (N.D. Cal. Jan. 7, 2011), and (2) given that this case is a class action, the named individual

8    plaintiffs are likely not financing the litigation.

9    The critical factors therefore are Plaintiffs' choice of forum and the convenience of the

10   witnesses.

11   C.    Plaintiffs' Choice of Forum

12   Amerisave argues that Plaintiffs' choice of this forum should be given little or no weight

13   because Plaintiffs seek to certify, *inter alia*, a nationwide class.  It is true that, "[w]here plaintiffs'

14   choice of forum is largely *fortuitous*, such as in [nationwide] class actions, where putative class

15   members reside in many different states, the plaintiffs' choice of forum is given less weight."

16   *Garcia v. 3M Co.*, No. C-09-01943 RMW, 2009 U.S. Dist. LEXIS 112247, at *6-7 (N.D. Cal. Nov.

17   16, 2009) (emphasis added); *cf. Baird v. California Faculty Ass'n*, No. C-00-0628-VRW, 2000 U.S.

18   Dist. LEXIS 6145, at *4 (N.D. Cal. Apr. 24, 2000) (in ordering transfer from the Northern to the

19   Eastern District of California, stating that plaintiff's choice of forum need not be  granted deference

20   _____

21   [1] The Court acknowledges that only Mr. Sonoda actually resides in California; Ms. Duong
and Mr. Kupersmit do not.  But, as Plaintiffs point out, Amerisave's argument that transfer would be
22   more convenient for Ms. Duong and Mr. Kupersmit is essentially irrelevant because they chose to
pursue the lawsuit in California and are opposing the motion to transfer.  *See see Roling v. E*Trade*
23   *Sec., LLC*, No. C 10-0488 MHP, 2010 U.S. Dist. LEXIS 123714, at *12 (N.D. Cal. N.D. Cal. Nov.
22, 2010) (characterizing as irrelevant defendant's argument that transfer would be more convenient
24   for one of the named plaintiffs, who lived outside California, because that plaintiff chose to pursue
the lawsuit in California and opposed the defendant's motion to transfer).

25   On the other hand, the Court is not persuaded by Plaintiffs' contention that, because the three
26   of them favor a California forum and Amerisave stands alone in opposing the forum, the party
convenience factor weighs in their favor.  *Roling* did not endorse a mechanical counting approach.
27   Furthermore, in this case, Plaintiffs came together and made the joint decision to file the lawsuit in
this forum.  Thus, this situation is more comparable to one in which there is one plaintiff and one
28   defendant, with the former having filed suit in the forum where he or she resides and the latter
seeking to transfer to the forum where it resides.

United States District Court

For the Northern District of California

1    because case was "a class action in which plaintiffs are dispersed throughout the state").  But here

2    Plaintiffs' choice of forum is not purely fortuitous.

3           First, one of the plaintiffs – Mr. Sonoda – resides within the Northern District of California.

4    Second, Amerisave made its website available to California residents such as Mr. Sonoda and

5    allowed Mr. Sonoda to apply for a mortgage loan online; thus, Amerisave had contacts with

6    California, and it is those contacts that gave rise to Mr. Sonoda's claims against Amerisave.  Third,

7    Mr. Sonoda is not just seeking to represent a nationwide class; he is also seeking to represent a

8    California subclass, *i.e.*, because Amerisave's conduct allegedly violated California laws such as the

9    CLRA and § 17200.

10          Notably, in similar circumstances, courts in this District have rejected a defendant's

11   argument that a plaintiff's choice of forum should not be afforded any weight.  For example, in

12   *Holliday v. Lifestyle Lift, Inc.*, No. C 09-4995 RS, 2010 U.S. Dist. LEXIS 110296 (N.D. Cal. Oct.

13   15, 2010), the plaintiff filed a class action in which she sought to represent two classes, one

14   nationwide class and the other a California subclass.  Regarding the plaintiff's choice of forum in

15   California, Judge Seeborg noted that

16          plaintiff does aver that the alleged violations against her occurred in
             this district at her work site in San Mateo. Moreover, the California
17          subclass advances claims grounded upon California labor law.
             Accordingly, this case is not one where all operative facts occurred
18          elsewhere or where the "forum has no interest in the parties or subject
             matter."  The plaintiff's choice of forum, therefore, carries some
19          weight.

20   *Id.* at *21 (emphasis omitted).

21          Similarly, in *Evancho v. Sanofi-Aventis U.S., Inc.*, No. C 07-00098 SI, 2007 U.S. Dist.

22   LEXIS 35500 (N.D. Cal. May 3, 2007), the plaintiffs sought to certify two nationwide classes, a

23   Pennsylvania class, and a California class.  Judge Illston "accorded some deference" to the

24   plaintiffs' choice of forum because two of the plaintiffs resided in California, "defendant does not

25   appear to dispute that the California plaintiffs performed much of their work for defendant in

26   California," and "[s]everal of plaintiffs' claims are California state law labor claims."  *Id.* at *8.

27          Amerisave's reliance on *Italian Colors Restaurant v. American Express Co.*, No. C 03-3719

28   SI, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003), is unavailing because, there, no state classes

**United States District Court**

For the Northern District of California

1    were being asserted, only a nationwide class.  Therefore, it was possible for the plaintiffs to be

2    described as "[i]nterchangeable."  *Id.* at *4.  Moreover, in *Italian Colors*, there was clear evidence of

3    forum shopping by the plaintiffs.  *See id.* (noting that "[o]ne could rationally infer forum shopping

4    here, based on plaintiffs' repeated filing [basically in New York, then in the Central District of

5    California, and then in the Northern District of California] and plaintiffs' admitted perceptions that

6    California provides a more favorable rule of decision").

7         Amerisave's reliance on *Johns v. Panera Bread Co*, No. 08-1071 SC, 2008 WL 2811827

8    (N.D. Cal. July 21, 2008), is also unpersuasive.  It too is distinguishable.  In *Johns*, it was

9    undisputed that only 40 out of the 1,400 putative class members lived in California, and therefore

10   the choice of the California forum was entitled to little deference.  *See id.* at *3.

11   D.    Convenience of Witnesses

12        Amerisave argues that, even if Plaintiffs' choice of forum should be accorded some

13   deference, the witness convenience factor weighs strongly in its favor because the bulk of the

14   witnesses in this case are located in Georgia – *i.e.*, six employees who developed or are familiar with

15   Amerisave's policies and procedures live in the Northern District of Georgia; so, too, do seven out

16   of the nine employees who interacted with Plaintiffs specifically or who supervised interactions with

17   Plaintiffs; and nearly 60% of Amerisave employees generally are located in or near the Northern

18   District of Georgia.  *See generally* Watts Reply Decl.

19        The problem for Amerisave is that any employee who is still an employee will presumably

20   be willing to testify in the Northern District of California, regardless of the inconvenience, precisely

21   because he or she is Amerisave's employee (and particularly if his or her testimony is favorable on

22   balance to the defense).  As Professor Moore points out, "many cases distinguish between party

23   witnesses (and those closely aligned with a party, such as employees) who are presumed to be

24   willing to testify in either forum despite the inconvenience that one of the forums would entail, and

25   non-party witnesses who may be unwilling to testify at all, and may not be compelled to do so if

26   they reside more than 100 miles from the court at which the trial is held."  Moore's §

27   111.13[1][f][iii]; *see also  Funeral Consumers Antitrust Litig.*, No. C 05-01804 WHA, 2005 WL

28   2334362, at *5 (N.D. Cal. Sept. 23, 2005) (noting that "a corporate defendant can be expected to

1   arrange for some present and [even] past employees to testify live and voluntarily but only if their

2   testimony will be favorable on balance to the defense").  The most important witnesses in the case –

3   *i.e.*, those who developed or are familiar with Amerisave's policies and procedures – are all current

4   employees.  *See* Watts Reply Decl. ¶ 4.  As for the nine witnesses who interacted with Plaintiffs or

5   who supervised interactions with Plaintiffs, five are former employees; however, the remaining four

6   are current employees and, more importantly, the four cover interactions with each of the named

7   plaintiffs (*i.e.*, Mr. Sonoda, Ms. Duong, and Mr. Kupersmit).  Further, Amerisave concedes that two

8   of its representatives who dealt with Mr. Sonoda reside in California, including the one who

9   allegedly induced him to apply for the loan.

10          Amerisave argues that, even though current employees may be willing to testify, having to

11   testify in a far-off forum is still an inconvenience.  *See Funeral*, 2005 WL 2334362, at *4 (stating

12   that, "[e]ven where a witness is an employee of a party and will be paid, the disruption is still a hard

13   fact").  While this is undoubtedly true, it does not make Amerisave's inconvenience argument

14   compelling.  Moreover, with respect to the former employees, the Court notes that the issue is not so

15   much inconvenience as interest of justice as, "[i]n the conduct of the trial itself, any jury would

16   prefer to see and hear important witnesses in person."  *Id.* at *5.  Amerisave will likely be able to

17   arrange to have its key witnesses appear at trial.

18          Notably, the authority on which Amerisave relies is ultimately of little support.  For example,

19   in *Evancho*, this factor weighed in favor of transfer in large part because both parties agreed that "a

20   significant number of class members will be called as witnesses" and there was no dispute that more

21   putative class members worked on the east coast than on the west coast.  *Evancho*, 2007 U.S. Dist.

22   LEXIS 35500, at *9.  In the instant case, neither party has taken a position on whether a number of

23   putative class members will be called as witnesses.  *See also Johns*, 2008 WL 2811827, at *3 (noting

24   that only 40 out of 1,400 putative class members lived in California; adding, however, that there was

25   no indication of how many people from the putative class "are anticipated to be witnesses" and

26   declining to base the transfer decision on "speculation as to the relevance of potential, but unnamed,

27   witnesses").

28

**III.    CONCLUSION**

For the foregoing reasons, the Court concludes that transfer is not appropriate.  Amerisave has failed to make a strong or substantial showing of inconvenience.  There is a substantial basis for keeping the case in this forum.  Accordingly, the motion to transfer is denied.

This order disposes of Docket No. 19.


IT IS SO ORDERED.


Dated:  July 6, 2011

_____
EDWARD M. CHEN
United States District Judge