UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNICHIRO SONODA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERISAVE MORTGAGE CORPORATION, <br><br> Defendant. <br> _____/ | No. C-11-1803 EMC <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** <br><br> **(Docket No. 47)** |

Defendant's motion for certification of interlocutory appeal came on for hearing before the Court on September 2, 2011. Docket No. 47. Defendant asks the Court to certify the portion of its July 8, 2011 Order denying Amerisave's motion to dismiss Plaintiffs' state law claims to the extent that they are based on alleged violations of the Truth in Lending Act ("TILA") for interlocutory review pursuant to 28 U.S.C. § 1292(b). Docket No. 41. For the following reasons and for the reasons stated on the record at the hearing, the Court **DENIES** Defendant's motion.

"The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment." *Notmeyer v. Stryker Corp.*, No. C 06-04096 SI, 2007 WL 2688462, at *1 (N.D. Cal. Sept. 10, 2007) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978)). However, certification of an order for interlocutory appeal is appropriate when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir.1982),

*af'd mem. sub nom. Arizona v. U.S. Dist. Ct.*, 459 U.S. 1191 (1983). Section 1292(b) certifications should be used sparingly and "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026; *see also Coopers & Lybrand*, 437 U.S. at 475.

In this case, the Court finds that certifying an appeal would not materially advance the litigation. This criterion is satisfied when "allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. As stated in its briefs and at oral argument, Defendant argues that an interlocutory appeal will advance the litigation because it will determine the viability of Plaintiffs' class claims and determine the scope of Defendant's potential damages exposure.

The Court is not persuaded. First, a successful interlocutory appeal would, at best, eliminate only a portion of Plaintiffs' class-wide claims – the state law TILA-based claims. The interlocutory appeal would have no affect on Plaintiffs' direct TILA claim, which would remain regardless of how the Ninth Circuit decided the preemption question. The direct TILA claims as well as the TILA-based state law claim focus in large part on the challenged conduct of charging appraisal fees before providing good faith estimates. Moreover, Plaintiffs assert non-TILA-based state claims challenging this and related practices. Thus, this Court would still have to entertain a motion for and opposition to class certification with respect to the direct TILA claim and non-TILA-based state claims, and Defendant has provided no indication that this process would be simpler or substantially different absent the TILA-based state law claims.

Second, Defendant asserts without argument that Plaintiffs' other, non-TILA based claims will not be "susceptible to class-wide proof and certification." Mot. at 6. Defendant provides no support for this assertion. Plaintiffs' complaint belies this claim, as Plaintiffs assert class-wide claims for relief throughout their complaint. *See* Am. Compl. ¶¶ 100, 109, 121, 127, 133, 145, 155, 163. There is thus no basis at this stage for the Court to conclude that removing the TILA-based state law claims from the equation would materially change the course of Plaintiffs' motion for class certification.

Finally, with respect to the scope of damages, the Court has not found, nor have the parties provided, any cases suggesting that the scope of exposure to damages alone is sufficient to create the exceptional circumstances necessary for an interlocutory appeal. Moreover, while Plaintiffs' direct TILA claim would be subject to a statutory damages cap, Plaintiffs assert additional common law claims for which damages are uncertain at this juncture. *See, e.g.*, Am. Compl., Docket No. 56, ¶¶ 93-110 (asserting claims for breach of contract and breach of implied covenant of good faith and fair dealing). Thus, an interlocutory appeal would not necessarily remove uncertainty regarding the scope of Defendant's potential exposure.

"When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *Hansen Beverage Co.*, 2010 WL 743750 at *4 (quotation omitted) (denying motion where interlocutory appeal would delay resolution of another valid counterclaim while court of appeals determined whether another counterclaim was preempted). To the contrary, in this case an interlocutory appeal would offer little assistance in "avoid[ing] protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. "If an interlocutory appeal would actually delay the conclusion of the litigation, the Court should not certify the appeal." *Notmeyer*, 2007 WL 2688462 at *2. Accordingly, the Court denies Defendant's motion for certification.

This order disposes of Docket No. 47.

IT IS SO ORDERED.

Dated: September 7, 2011

_____
EDWARD M. CHEN
United States District Judge