UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNICHIRO SONODA, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>    Defendant.<br>_____/ | No. C-11-1803 EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>**(Docket No. 86)** |

    Plaintiffs have filed a class action against Defendant Amerisave Mortgage Corporation, asserting that it violated both federal and state law (1) by charging a mortgage loan applicant a property appraisal fee before providing a Good Faith Estimate of closing costs (allegedly a violation TILA), *see* FAC ¶ 2, and (2) by making deceptive promises to an applicant about a lock-in rate that it did not intend to honor. *See id.* ¶¶ 3-4. Plaintiffs and Defendant have reached a settlement of the lawsuit, and Plaintiffs have now filed a motion for preliminary approval of the class action settlement. The Court has reviewed Plaintiffs' motion and hereby orders supplemental briefing. While the Court would prefer a joint supplemental brief, separate briefs may be filed. The supplemental brief(s) shall be filed by **October 1, 2012**, and shall address the following issues.

1.     <u>Class Definition</u>

    a.     <u>Dates</u>

    The parties should explain how they arrived at the dates specified in the class definition – *i.e.*, how did the parties determine (1) that the time period related to the credit check fee should

extend from July 30, 2009, to May 9, 2011; (2) that the time period related to the appraisal fee should extend from August 18, 2008, to the date of preliminary approval; and (3) that the time period related to the cancellation fee should extend from August 8, 2007, to June 5, 2012. *See* Sett. Agreement § II.31.

### b. Persons Who Did Obtain a Loan

It appears that the settlement class does not include persons who actually obtained a loan from Defendant even though the class as alleged in the complaint arguably does. The parties should explain whether persons who actually obtained a loan were intentionally excluded from the class.

## 2. Maximum Value of Plaintiffs' Case

Plaintiffs have not provided adequate information about the maximum probable verdict value of their case if they had completely prevailed on the merits. The parties should provide to the Court an estimate of this value. The parties need not give an estimate on a claim-by-claim basis, particularly given the overlap in claims. While the Settlement Agreement[1] indicates that class members would get 13.57% of what they paid, this appears to cover only actual damages, not statutory damages, punitive damages, etc.

## 3. Fees

Plaintiffs have claimed that applicants were improperly charged credit check fees, appraisal fees, and cancellation fees. The parties should provide information about the actual amounts charged (a range is acceptable) and, for the credit check fees, what portion was excessive. The Court acknowledges that some information on fees is provided in the settlement agreement. *See* Sett. Agreement § VII.54.iv.

## 4. Strengths and Weaknesses in Plaintiffs' Case

Plaintiffs' motion is fairly cursory in discussing the strengths and weaknesses in their case. *See* Mot. at 11-12. The parties should provide more specifics as to what the strengths and weaknesses in Plaintiffs' case are. In addition, the parties should cite *and* discuss any authority in

---

[1] The parties' settlement agreement indicates that $16,392,088 is the alleged overpayment. *See* Sett. Agreement § VII.54.iv. However, it is not clear whether this amount is limited to overpayment of fees only. Furthermore, it appears that this amount does not include, *e.g.*, potential statutory damages.

support of their position. For example, if Defendant claims that the TILA "violation at issue is not the type for which statutory damages are available," Mot. at 12, it should briefly explain why and provide key supporting authority. The Court emphasizes that, without a sense of what the maximum value of Plaintiffs' case and the strengths and weaknesses of the case, it is not in a position to evaluate whether the proposed settlement is fair, reasonable, and adequate.

5. Attorney's Fees and Costs

It appears from the settlement agreement that the $775,000 amount to be deducted from the settlement fund constitutes both attorney's fees *and* costs (excluding the cost of the settlement administrator). If this is not correct, the parties should so notify the Court. In addition, Plaintiffs should provide information as to how much costs have been incurred by counsel as of date.

6. Cy Pres

The proposed settlement provides that, if any claim checks are uncashed, unclaimed, or undeliverable after a certain time, then Defendant will receive a refund of up to $100,000 of the unclaimed amount. *See* Mot. at 6; Sett. Agreement § VII.54.iv. If the unclaimed amount exceeds $100,000, the excess goes to a cy pres distribution. The parties should explain why any unclaimed amount should not go to a cy pres beneficiary, without any "reverter" to Defendant.

7. Information to Be Filed by Settlement Administrator

The parties contemplate that the settlement administrator will make filings with the Court only seven (7) days in advance of the final approval hearing. The parties should address whether it is possible for those filings to be made earlier, *e.g.*, fourteen (14) days in advance.

8. Class Notice

    a. Long-Form Notice

*Page 1.* The notice should include a statement on the first page as to how much money class members will receive – *i.e.*, approximately 13.57% of the appraisal fee, cancellation fee, and/or excessive credit check fee.

*Chart (on page 1).* The "object" option is in need of clarification. The parties should address whether they are willing to include the following statement: "In your objection, you may ask to speak in Court about the fairness of the settlement. [¶] Please note that, if you make an objection,

3

and that objection is rejected by the Court, you will be bound by the settlement if it is approved. The only way not to be bound by the settlement is to exclude yourself from the settlement (*i.e.*, opt out)."

*Chart (on page 1).* The "go to a hearing" option seems unnecessary, particularly if the parties agree to the modification above.

*Section 4 (on page 4).* Checks issued are good for only four months. The parties should indicate whether they are willing to extend that period to six months.

*Section 11 (on page 7).* The parties should address whether they are willing to include the following reminder: "Please note that, if you make an objection, and that objection is rejected by the Court, you will be bound by the settlement if it is approved. The only way not to be bound by the settlement is to exclude yourself from the settlement (*i.e.*, opt out)."

    b.    <u>E-mail and Postcard Notice</u>

*Page 1.* The notice should include a statement on the first page as to how much money class members will receive – *i.e.*, approximately 13.57% of the appraisal fee, cancellation fee, and/or excessive credit check fee.

*Section on "Your Rights."* The parties should address whether they are willing to include the following statement in the subsection on objecting: "Please note that, if you make an objection, and that objection is rejected by the Court, you will be bound by the settlement if it is approved. The only way not to be bound by the settlement is to exclude yourself from the settlement (*i.e.*, opt out)."

9.    <u>Proposed Order</u>

*Paragraph 15.* The parties' proposed schedule gives a class member who receives e-mail notice sixty days to opt out or object. However, a class member who receives postcard notice gets

///
///
///
///
///
///

only half that time to opt out or object. The parties should address whether they are willing to build in more time for a class member to opt out or object, given that it is likely that some class members will receive notice by postcard rather than by e-mail.

    IT IS SO ORDERED.

Dated: September 20, 2012

_____
EDWARD M. CHEN
United States District Judge