UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUNICHIRO SONODA, LIEN DUONG, and MARVIN KUPERSMIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>Defendant. | Case No. C 11-01803 EMC<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date: October 12, 2012<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge: The Honorable Edward Chen |

WHEREAS, this Court has reviewed the Stipulation of Settlement ("Settlement Agreement") entered into by and among Defendant Amerisave Mortgage Corporation ("Amerisave"), Junichiro Sonoda, Lien Duong, and Marvin Kupersmit, as individuals and as "Class Representatives" (collectively, the "Parties" in the above-referenced "Action"), together with all exhibits thereto, the record in this case, and the arguments of counsel;

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the class alleged in the Action meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, ascertainability, predominance of common issues, superiority, and that the Class Representatives and Class Counsel are adequate representatives of the Settlement Class;

IT IS HEREBY ORDERED AS FOLLOWS:

1.  All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2.  The proposed settlement set forth in the Agreement is hereby preliminarily approved as being fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph).

3. The Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Rule 23(b)(3), which class is defined as follows:

> All individuals and entities who (whether as a borrower or a co-borrower) made an application for a mortgage loan to Defendant, did not obtain a mortgage loan from Defendant based on that application, and in connection with that application: (i) were charged a credit check fee by Defendant that exceeded the amount of Defendant's cost to obtain the credit check and paid said fee between July 30, 2009 and May 9, 2011; and/or (ii) were charged a property appraisal fee and paid the appraisal fee to Defendant between August 18, 2008 and the date the Preliminary Approval Order is entered; and/or (iii) were charged a cancellation fee by Defendant and paid said fee to Defendant between August 8, 2007 and June 5, 2012.

4. The Settlement Class, however, shall not include: (i) all judicial officers in the United States and their families; (ii) all officers, directors, employees or counsel of Amerisave; (iii) all persons who have already settled or otherwise compromised and released these claims against the Released Parties; (iv) all persons who previously received a full refund of the disputed credit check, appraisal, and/or cancellation fees; (v) all persons who previously had the full amount of the disputed credit check and/or appraisal fees applied to a subsequent mortgage loan application that was accepted and the mortgage loan was funded; and (vi) all persons who Opt-out.

5. Class Counsel and the Class Representatives are hereby found to be and are therefore appointed as adequate representatives of the Settlement Class: Craig L. Briskin and Steven A. Skalet with the firm of Mehri & Skalet, PLLC; James C. Sturdevant with the Sturdevant Law Firm; Michael D. Donovan and Noah Axler with the firm of Donovan Axler, LLC; and Whitney Stark with the firm of Rukin, Hyland, Doria & Tindall, are hereby appointed as Class Counsel, and Junichiro Sonoda, Lien Duong, and Marvin Kupersmit are hereby appointed as Class Representatives.

6. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class

1 | shall be vacated and shall have no effect in the event that the Agreement is not finally approved
2 | by this Court or otherwise does not take effect.

3 |     7.    The Court confirms A.B. Data, Ltd. as the Settlement Administrator.

4 |     8.    The Long Form Notice, Email Notice, and Postcard Notice, which are attached to
5 | the Settlement Agreement as Exhibits A and B [Docket Nos. 90-91 (revised notices)], are hereby approved as to form. The Court
6 | approves the procedure for Class Members to participate in, to opt out of, and to object to, the
7 | Settlement as set forth in the Notices. The Court directs the emailing and mailing of the Notice
8 | by first class mail to the Class Members in accordance with the Implementation Schedule set
9 | forth below. The Court finds the dates selected for the mailing and distribution of the Notice, as
10 | set forth in the Implementation Schedule, meet the requirements of due process and provide the
11 | best notice practicable under the circumstances and shall constitute due and sufficient notice to
12 | all persons entitled thereto.

13 |     9.    Any objections to the final settlement or class counsel's petition for award of
14 | attorney fees and reimbursement of expenses and request for incentive awards to the Class
15 | Representatives shall be filed and served on or before January 11, 2013. Such objections shall be
16 | heard and any papers submitted in support of said objections shall be considered by the Court at
17 | the Final Hearing only if such objector files with the Court a notice of his, her, or its objections,
18 | submits documentary proof that he, she, or it is a member of the Settlement Class, includes a
19 | detailed statement of such objector's specific objections to any aspect of the settlement, states the
20 | grounds for such objections, identifies all documents which such objector requests the Court to
21 | consider, and serves copies of the foregoing and all other papers in support of such objections on
22 | counsel for the Parties identified in the Class Notice.

23 |     10.    Any Settlement Class Member objecting to the Settlement shall also provide a
24 | detailed list of any other objections submitted by the objector, or the objector's counsel, to any
25 | class action settlements in any court, whether state or federal, in the United States within the
26 | previous five (5) years, specifying the caption of the case, the nature of the objection, the

ultimate resolution of the case and whether the objector, or the objector's counsel, asked for or received any payment from the parties in connection with the resolution of the case.

11. The objection must indicate whether the Settlement Class Member and/or his attorney(s) intends to appear at the Final Approval Hearing. Any attorney who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

12. The Court finds that the forms of notice to the Settlement Class regarding the pendency of the Action and of this settlement and Class Counsel's fee and expense application and application for incentive award set forth above, and the methods of dissemination to members of the Settlement Class in accordance with the terms of this Order, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of Rule 23(c)(2)(B) and the United States Constitution.

13. A hearing (the "Final Hearing") shall be held by the Court on ~~March 1~~ February 28, 2013 at 1:30 p.m., to consider and determine whether the requirements for certification of the Settlement Class have been met and whether the proposed settlement of the Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class members; whether Class Counsel's fee and expense application and application for service award, included as part of the settlement, should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all Settlement Class Members should be entered. The Final Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the fairness hearing), be continued or adjourned by Order of the Court.

14. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

15. The Court orders the following **Implementation Schedule** for further proceedings:

| | | |
|---|---|---|
| a. | Deadline for Defendant to send CAFA Notice | September 14, 2012 |
| b. | Preliminary Approval Hearing | October 12, 2012 |
| c. | Deadline for Defendant to submit Class Member information to Settlement Administrator | October 23, 2012 [or within 21 calendar days after Issuance of Preliminary Approval Order] |
| d. | Deadline for Settlement Administrator to establish Settlement Website | October 24, 2012 [or at least 5 days prior to sending Email Notice] |
| e. | Deadline for Defendant to establish a Settlement Fund by wiring $100,000 to escrow account | October 26, 2012 [or within 14 calendar days after issuance of Preliminary Approval Order] |
| f. | Deadline for Settlement Administrator to Email the Notice to Class Members | October 29, 2012 [or within 17 calendar days after Issuance of Preliminary Approval Order] |
| g. | Deadline for Settlement Administrator to send Postcard Notice to class Members with permanent undeliverable email addresses | November 12, 2012 [or within 14 calendar days after sending of the E-Mail Notice] |
| h. | Deadline for Class Counsel to file Motion for Final Approval of Settlement | December 21, 2012 [or at least 21 calendar days before deadline for Class Members to object to Settlement] |
| i. | Deadline for Class Counsel to file Motion for Attorneys' Fees and Costs | December 21, 2012 [or at least 21 calendar days before deadline for Class Member to object to Settlement] |
| j. | Deadline for Class Members to postmark any Requests for Exclusions | January 11, 2013 [or within 60 calendar days after sending of any Postcard Notices] |
| k. | Deadline for Class Members to postmark any objections to the Settlement and to Class Counsel's Motion for Attorneys' Fees and Costs, and notice of intent to appear at fairness hearing | January 11, 2013 [or within 60 calendar days after emailing of any Postcard Notices] |
| l. | Deadline for Class Counsel to respond to any objections to the Settlement and Motion for Attorneys' Fees | January 25, 2013 [or at least 35 calendar days before Final Approval Hearing] |
| m. | Deadline for Defendant to provide written | February 1, 2013 |

|   |   |   |
|---|---|---|
|   | notice of rescission of Settlement to Class Counsel (if applicable) | [or within 21 days after the deadline for opting out of the settlement] |
| n. | Deadline for Class Counsel to file Settlement Administrator's proof of compliance re: notice of settlement, and Receipt of Objections to Settlement or Requests for Exclusion from California Class | February 15, 2013 [or at least 14 calendar days before Final Approval Hearing] |
| o. | Final Approval Hearing | ~~March 1,~~ February 28, 2013 |
| p. | Deadline for Defendant to pay the full amount of the Settlement into the Settlement Fund | [within 30 calendar days after issuance of the Final Approval Order and Judgment] |
| q. | Deadline for Settlement Administrator to pay the Service Awards approved by the Court and payments to settlement class members. | [within 10 calendar days after Effective Date of Settlement] |

DATED: __10/17__, 2012

_____
Honorable Edward M. Chen
United States District Court Judge