UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JUNICHIRO SONODA, LIEN DUONG, and MARVIN KUPERSMIT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMERISAVE MORTGAGE CORPORATION,

Defendant.

Case No. C 11-01803 EMC

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Date: October 12, 2012
Time: 1:30 p.m.
Courtroom: 5, 17th Floor
Judge: The Honorable Edward Chen

WHEREAS, this Court has reviewed the Stipulation of Settlement ("Settlement Agreement") entered into by and among Defendant Amerisave Mortgage Corporation ("Amerisave"), Junichiro Sonoda, Lien Duong, and Marvin Kupersmit, as individuals and as "Class Representatives" (collectively, the "Parties" in the above-referenced "Action"), together with all exhibits thereto, the record in this case, and the arguments of counsel;

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the class alleged in the Action meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, ascertainability, predominance of common issues, superiority, and that the Class Representatives and Class Counsel are adequate representatives of the Settlement Class;

IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. The proposed settlement set forth in the Agreement is hereby preliminarily approved as being fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph).

3. The Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Rule 23(b)(3), which class is defined as follows:

> All individuals and entities who (whether as a borrower or a co-borrower) made an application for a mortgage loan to Defendant, did not obtain a mortgage loan from Defendant based on that application, and in connection with that application: (i) were charged a credit check fee by Defendant that exceeded the amount of Defendant's cost to obtain the credit check and paid said fee between July 30, 2009 and May 9, 2011; and/or (ii) were charged a property appraisal fee and paid the appraisal fee to Defendant between August 18, 2008 and the date the Preliminary Approval Order is entered; and/or (iii) were charged a cancellation fee by Defendant and paid said fee to Defendant between August 8, 2007 and June 5, 2012.

4. The Settlement Class, however, shall not include: (i) all judicial officers in the United States and their families; (ii) all officers, directors, employees or counsel of Amerisave; (iii) all persons who have already settled or otherwise compromised and released these claims against the Released Parties; (iv) all persons who previously received a full refund of the disputed credit check, appraisal, and/or cancellation fees; (v) all persons who previously had the full amount of the disputed credit check and/or appraisal fees applied to a subsequent mortgage loan application that was accepted and the mortgage loan was funded; and (vi) all persons who Opt-out.

5. Class Counsel and the Class Representatives are hereby found to be and are therefore appointed as adequate representatives of the Settlement Class: Craig L. Briskin and Steven A. Skalet with the firm of Mehri & Skalet, PLLC; James C. Sturdevant with the Sturdevant Law Firm; Michael D. Donovan and Noah Axler with the firm of Donovan Axler, LLC; and Whitney Stark with the firm of Rukin, Hyland, Doria & Tindall, are hereby appointed as Class Counsel, and Junichiro Sonoda, Lien Duong, and Marvin Kupersmit are hereby appointed as Class Representatives.

6. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Settlement Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class

shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

7. The Court confirms A.B. Data, Ltd. as the Settlement Administrator.

8. The Long Form Notice, which was filed on October 24, 2012, and the Email Notice and Postcard Notice, which were filed as Docket No. 91, are hereby approved as to form. The Court approves the procedure for Class Members to participate in, to opt out of, and to object to, the Settlement as set forth in the Notices. The Court directs the emailing and mailing of the Notice by first class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Notice, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9. Any objections to the final settlement or class counsel's petition for award of attorney fees and reimbursement of expenses and request for incentive awards to the Class Representatives shall be filed and served on or before January 11, 2013. Such objections shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Hearing only if such objector files with the Court a notice of his, her, or its objections, submits documentary proof that he, she, or it is a member of the Settlement Class, includes a detailed statement of such objector's specific objections to any aspect of the settlement, states the grounds for such objections, identifies all documents which such objector requests the Court to consider, and serves copies of the foregoing and all other papers in support of such objections on counsel for the Parties identified in the Class Notice.

10. Any Settlement Class Member objecting to the Settlement shall also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements in any court, whether state or federal, in the United States within the previous five (5) years, specifying the caption of the case, the nature of the objection, the

ultimate resolution of the case and whether the objector, or the objector's counsel, asked for or received any payment from the parties in connection with the resolution of the case.

11. The objection must indicate whether the Settlement Class Member and/or his attorney(s) intends to appear at the Final Approval Hearing. Any attorney who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

12. The Court finds that the forms of notice to the Settlement Class regarding the pendency of the Action and of this settlement and Class Counsel's fee and expense application and application for incentive award set forth above, and the methods of dissemination to members of the Settlement Class in accordance with the terms of this Order, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of Rule 23(c)(2)(B) and the United States Constitution.

13. A hearing (the "Final Hearing") shall be held by the Court on February 28, 2013 at 1:30 p.m., to consider and determine whether the requirements for certification of the Settlement Class have been met and whether the proposed settlement of the Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class members; whether Class Counsel's fee and expense application and application for service award, included as part of the settlement, should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all Settlement Class Members should be entered. The Final Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the fairness hearing), be continued or adjourned by Order of the Court.

14. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

15. The Court hereby approves the addition of the Center for Responsible Lending ("CRL") as a potential recipient of *cy pres* funds, for the reasons discussed in the Parties' Second Supplemental Brief in Support of Motion for Preliminary Approval of Class Action Settlement (Doc. No. 92). The addition of CRL as a *cy pres* recipient is reflected in the revised Long-Form Notice filed with the Court on October 24, 2012 (attached as Exhibit A).

16. The Court orders the following **Implementation Schedule** for further proceedings:

| | | |
|---|---|---|
| a. | Deadline for Defendant to send CAFA Notice | September 14, 2012 |
| b. | Preliminary Approval Hearing | October 12, 2012 |
| c. | Deadline for Defendant to submit Class Member information to Settlement Administrator | October 23, 2012 [or within 11 calendar days after Issuance of Preliminary Approval Order] |
| d. | Deadline for Settlement Administrator to establish Settlement Website | October 24, 2012 [or at least 5 days prior to sending Email Notice] |
| e. | Deadline for Defendant to establish a Settlement Fund by wiring $100,000 to escrow account | October 26, 2012 [or within 14 calendar days after issuance of Preliminary Approval Order] |
| f. | Deadline for Settlement Administrator to Email the Notice to Class Members | October 29, 2012 [or within 17 calendar days after Issuance of Preliminary Approval Order] |
| g. | Deadline for Settlement Administrator to send Postcard Notice to class Members with permanent undeliverable email addresses | November 12, 2012 [or within 14 calendar days after sending of the E-Mail Notice] |
| h. | Deadline for Class Counsel to file Motion for Final Approval of Settlement | December 21, 2012 [or at least 21 calendar days before deadline for Class Members to object to Settlement] |
| i. | Deadline for Class Counsel to file Motion for Attorneys' Fees and Costs | December 21, 2012 [or at least 21 calendar days before deadline for Class Member to object to Settlement] |
| j. | Deadline for Class Members to postmark any Requests for Exclusions | January 11, 2013 [or within 60 calendar days after sending of any Postcard Notices] |

| | | |
|---|---|---|
| k. | Deadline for Class Members to postmark any objections to the Settlement and to Class Counsel's Motion for Attorneys' Fees and Costs, and notice of intent to appear at fairness hearing | January 11, 2013 [or within 60 calendar days after emailing of any Postcard Notices] |
| l. | Deadline for Class Counsel to respond to any objections to the Settlement and Motion for Attorneys' Fees | January 25, 2013 [or at least 35 calendar days before Final Approval Hearing] |
| m. | Deadline for Defendant to provide written notice of rescission of Settlement to Class Counsel (if applicable) | February 1, 2013 [or within 21 days after the deadline for opting out of the settlement] |
| n. | Deadline for Class Counsel to file Settlement Administrator's proof of compliance re: notice of settlement, and Receipt of Objections to Settlement or Requests for Exclusion from California Class | February 15, 2013 [or at least 14 calendar days before Final Approval Hearing] |
| o. | Final Approval Hearing | February 28, 2013 |
| p. | Deadline for Defendant to pay the full amount of the Settlement into the Settlement Fund | _______________ [within 30 calendar days after issuance of the Final Approval Order and Judgment] |
| q. | Deadline for Settlement Administrator to pay the Service Awards approved by the Court and payments to settlement class members. | _______________ [within 10 calendar days after Effective Date of Settlement] |

DATED: October 24, 2012



# Exhibit A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

JUNICHIRO SONODA, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

AMERISAVE MORTGAGE CORPORATION, a Georgia corporation,

Defendant.

Case No. 3:11-cv-01803 EMC

**IF YOU APPLIED FOR A MORTGAGE FROM AMERISAVE MORTGAGE CORPORATION AND WERE DENIED, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been reached between Amerisave Mortgage Corporation ("Amerisave") and customers of Amerisave who applied for a mortgage loan and did not obtain a mortgage loan from Amerisave, and (1) paid a property appraisal fee between August 18, 2008 and October 12, 2012, (2) paid a cancellation fee between August 8, 2007 and June 5, 2012, and/or (3) paid a credit check fee that exceeded the amount of Amerisave's cost to obtain the credit check between July 30, 2009 and May 9, 2011.

- The Settlement, if approved, would resolve a lawsuit over whether Amerisave improperly charged fees in connection with consumers' unsuccessful mortgage applications and attempts to lock in mortgage rates; it avoids costs and risks to you from continuing the lawsuit; pays money to Amerisave customers like you; and releases Amerisave from liability.

- If you qualify as a member of the Class, it has been determined based on the Loss Formula provided in the Plan that you will receive approximately 13.573% of the appraisal fee, cancellation fee, and/or excessive credit check fee.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **DO NOTHING** | Receive a payment. Give up rights to sue Amerisave separately. See Section 4/Page 2 for more information. |
| **EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Amerisave about the legal claims in this case. If you do not wish to be included in the Settlement, you must prepare, sign and date, and timely mail a request to exclude yourself. See Section 8/Page 3 for more information. |
| **OBJECT** | Write to the Court and Class Counsel about why you believe the Settlement is unfair. In your objection, you may ask to speak in Court about the fairness of the Settlement. Please note that, if you make an objection, and that objection is rejected by the Court, you will be bound by the Settlement if it is approved. The only way not to be bound by the Settlement is to exclude yourself from the Settlement (*i.e.*, opt-out). See Section 11/Page 4 for more information. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION ......PAGE 2**

1. Why did I get this notice package?
2. What is this lawsuit about?

**WHO IS IN THE SETTLEMENT ......PAGE 3**

3. How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET ......PAGE 3**

4. What does the Settlement provide?

**HOW YOU GET A PAYMENT ......PAGE 3**

5. How can I get a payment?
6. When would I get my payment?
7. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT ......PAGE 4**

8. How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU ......PAGE 4**

9. Do I have a lawyer in this case?
10. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT ......PAGE 4**

11. How do I tell the Court that I don't like the Settlement?

**THE COURT'S FINAL APPROVAL HEARING ......PAGE 5**

12. When and where will the Court decide whether to approve the Settlement?
13. May I speak at the hearing?

**IF YOU DO NOTHING ......PAGE 5**

14. What happens if I do nothing at all?

**GETTING MORE INFORMATION ......PAGE 5**

15. How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this notice package?

According to Amerisave's records, you applied to obtain a mortgage, or refinance an existing mortgage, from Amerisave Mortgage Corporation, but did not obtain a mortgage from Amerisave.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the proposed Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United District Court for the Northern District of California, San Francisco Division, and the case is known as *Sonoda, et al. v. Amerisave Mortgage Corp.*, Case No. 3:11-cv-01803. The people who sued are called Plaintiffs, and the company they sued, Amerisave Mortgage Corporation ("Amerisave"), is called the Defendant.

### 2. What is this lawsuit about?

Plaintiffs Junichiro Sonoda, Lien Duong, and Marvin Kupersmit filed this class action against Amerisave. The lawsuit alleged that Amerisave misled consumers seeking to lock in mortgage rates and then failed to lock in those rates. Additionally, the lawsuit claimed that Amerisave required consumers to pay a property appraisal fee before providing a Good Faith Estimate, that consumers who wanted to withdraw their application with Amerisave were required to pay a cancellation fee, and that Amerisave charged a credit check fee that exceeded the amount of Amerisave's cost to obtain the credit check, and that each of these is a violation of the law. Amerisave denies that it did anything wrong or that this case is appropriate for treatment as a class action.

## WHO IS IN THE SETTLEMENT

### 3. How do I know if I am part of the Settlement?

The Settlement provides for relief for all individuals and entities who, as a borrower or a co-borrower, made an application for a mortgage loan to Defendant, did not obtain a mortgage loan from Defendant based on that application, and in connection with that application: (i) were charged a credit check fee by Defendant that exceeded the amount of Defendant's cost to obtain the credit check, and paid said fee between July 30, 2009 and May 9, 2011, and/or (ii) were charged a property appraisal fee, and paid the appraisal fee to Defendant between August 18, 2008 and October 12, 2012, and/or (iii) were charged a cancellation fee by Defendant, and paid said fee to Defendant between August 8, 2007 and June 5, 2012. Excluded are all persons (i) who have settled or released these claims against Amerisave, (ii) who previously received a full refund of the disputed charges, and (iii) who previously had the full amount of the disputed charges applied to a subsequent mortgage loan application that was accepted and the mortgage loan was funded.

You received this notice because Amerisave's records indicate that you are currently a member of this Class. If you have questions about whether you are a Class Member, you can call 866-905-8102 or visit AmerisaveMortgageSettlement.com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 4. What does the Settlement provide?

Amerisave has agreed to pay a total settlement amount of $3.1 million, which will be used for payments to Class Members, payment of attorneys' fees, service awards to named plaintiffs, costs, expenses, and settlement administration. The size of your payment will depend upon which fee or fees you paid. Only one payment will be made for each loan application. Therefore, if an application had both a borrower and co-borrower, the Class Member listed as the borrower will receive the Class Settlement amount. Plaintiffs will propose that all Class Members receive a percentage refund of any of the three fees they paid, based on the amount of money available in the Settlement Fund. The percentage refund may change, but based on current estimates, the percentage is approximately 13.573%. So, for example, if you paid a cancellation fee of $500, you would receive $67.87. If you paid a property appraisal fee of $300, you would receive $40.72. If you paid a credit check fee overcharge of $25, you would receive $3.39. If you paid two or three of those fees, you would receive those amounts added together.

You will have 180 days after you receive a settlement check to cash the check. If there are any uncashed checks after the time period has expired, any uncashed amount up to $100,000 will be refunded to Amerisave. Any uncashed checks over the amount of $100,000 will be donated, subject to the Court's approval, to Equal Justice Works and/or the Center for Responsible Lending.

## HOW YOU GET A PAYMENT

### 5. How can I get a payment?

If you do nothing, you will receive a check by mail if the Court approves the Settlement. Amerisave has records of its customers and the payments that they made.

**6. When would I get my payment?**

The Court will hold a hearing on March 1, 2013, to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**7. What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you will be a member of the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Amerisave about the legal issues in *this* case. This means you will be deemed to have forever released and discharged Amerisave of any and all claims, actions, demands, causes of action, suits, obligations, damages, rights or liabilities of any nature and description whatsoever, known or unknown, present or future, concealed or hidden, liquidated or unliquidated, fixed or contingent, anticipated or unanticipated, whether in tort, contract, law, equity or otherwise, that have been, could have been, or might in the future be asserted by Plaintiffs in the *Sonoda* Litigation, or Settlement Class Members or any of their respective heirs, spouses, executors, administrators, partners, attorneys, predecessors, successors, assigns, agents and/or representatives, and/or anyone acting or purporting to act on their behalf, arising out of the facts and circumstances alleged in the Complaint in the *Sonoda* Litigation and forming the basis for the claims asserted therein. Released Claims include, but are not limited to, all claimed or unclaimed compensatory damages, damages for emotional distress, statutory damages, consequential damages, incidental damages, punitive and exemplary damages, as well as all claims for equitable, declaratory or injunctive relief under any federal or state statute or common law or other theory that was alleged or could have been alleged based on the facts alleged in the *Sonoda* Litigation, including but not limited to any and all claims under the Truth in Lending Act, the California Consumers Legal Remedies Act, California's False Advertising Act or the deceptive or unfair practices statutes, common law, or any other statute, regulation or judicial interpretation, or for breach of contract or the implied covenant of good faith and fair dealing that occurred prior to date of preliminary approval or set date. Released Claims further include interest, costs and fees arising out of any of the claims asserted, or that could have been asserted based on the facts alleged in the *Sonoda* Litigation that occurred prior to the date of preliminary settlement approval.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Amerisave on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

**8. How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Sonoda, et al. v. Amerisave Mortgage Corp*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request, postmarked no later than January 11, 2013, to: Amerisave Mortgage Settlement, Settlement Administrator, EXCLUSIONS, c/o A.B. Data, Ltd., PO Box 170500, Milwaukee, WI 53217-8042.

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Amerisave in the future.

**THE LAWYERS REPRESENTING YOU**

**9. Do I have a lawyer in this case?**

The Court appointed the law firms of The Sturdevant Law Firm in San Francisco, California; Mehri & Skalet, PLLC in Washington, DC; Donovan Axler, LLC in Philadelphia, Pennsylvania; and Rukin Hyland Doria &Tindall in San Francisco, California, to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

**10. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to $775,000 to them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel also will request an award of service payments of $5,000 each to the three Class Representatives, Junichiro Sonoda, Lien Duong, and Marvin Kupersmit, in compensation for their time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the $3.1 million Settlement Fund.

Any objection to Class Counsel's application for attorneys' fees and costs may be filed, and must be postmarked, no later than January 11, 2013, which is twenty days following the filing of Class Counsel's motion for an award of attorneys' fees and costs.

**OBJECTING TO THE SETTLEMENT**

**11. How do I tell the Court that I do not think the Settlement is fair?**

Case3:11-cv-01803-EMC Document96-1 Filed10/24/12 Page6 of 7

You can tell the Court that you don't agree with the Settlement or some part of it. If you're a Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the proposed Settlement in *Sonoda, et al. v. Amerisave Mortgage Corp*. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement. Your objection must indicate whether you and/or your attorney(s) intend(s) to appear at the Final Approval Hearing. Any attorney who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order. Your objection must (a) attach documents sufficient to show that you are a member of the Settlement Class, (b) include a detailed statement of your specific objections to any aspect of the Settlement, and (c) state the grounds for such objections, as well as identify all documents which you request the Court to consider. You must also provide a detailed list of any other objections submitted by you, or your counsel, to any class action settlements in any court, whether state or federal, in the United States within the previous five (5) years, specifying the caption of the case, the nature of the objection, the ultimate resolution of the case and whether you, or your counsel, asked for or received any payment from the parties in connection with the resolution of the case. If you or your counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, you must affirmatively so state in the written materials provided in connection with the objection to this Settlement. Please note that, if you make an objection, and that objection is rejected by the Court, you will be bound by the Settlement, if it is approved. The only way not to be bound by the Settlement is to exclude yourself from the Settlement (*i.e.*, opt-out).

Mail the objection to these three different places, postmarked no later than **January 11, 2013**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. District Court for the<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Mehri & Skalet, PLLC<br>1250 Connecticut Ave., NW, Suite 300<br>Washington, DC 20036<br>Attn: Craig L. Briskin | Kilpatrick Townsend & Stockton LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Attn: Cindy D. Hanson |

## THE COURT'S FINAL APPROVAL HEARING

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Final Approval Hearing will be held at 1:30 p.m. on Friday, March 1, 2013, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California in Courtroom 5. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and service awards as described above, and in what amounts. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

### 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear at the Final Approval Hearing in *Sonoda, et al. v. Amerisave Mortgage Corp*. Be sure to include your name, address, telephone number, and your signature. Your letter stating your Notice of Intention to Appear must be postmarked no later than **January 11, 2013**, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses shown at the end of Section 11. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

### 14. What happens if I do nothing at all?

If you do nothing, and are a member of the Class, you will receive a payment after the Court approves the Settlement, and any appeals are resolved.

Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Amerisave about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

### 15. How do I get more information?

This notice summarizes the proposed Settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Class Counsel or by visiting AmerisaveMortgageSettlement.com.

You can call 866-905-8102, toll-free, write to Amerisave Mortgage Settlement, Settlement Administrator, c/o A.B. Data, Ltd., PO Box 170500, Milwaukee, WI 53217-8042, or visit the website at AmerisaveMortgageSettlement.com, where you will find answers to common

questions about the Settlement, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

Date: ____, 2012