UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUNICHIRO SONODA, LIEN DUONG, and MARVIN KUPERSMIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>Defendant. | Case No.  C 11-01803 EMC<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  February 28, 2013<br>Time:  1:30 p.m.<br>Courtroom:  5, 17th Floor<br>Judge:  The Honorable Edward Chen |

WHEREAS, on the 28th day of February, 2013, a hearing having been held before this Court to determine: (1) whether the proposed settlement of the above-captioned action (the "Litigation") on the terms and conditions provided for in the Stipulation and Agreement of Settlement and Release dated September 3, 2012 (the "Settlement Agreement") is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (2) whether a Final Judgment as provided in Section III of the Settlement Agreement should be entered; (3) whether and in what amount to award attorneys' fees and expenses to Plaintiffs' Counsel; and (4) whether and in what amounts to award incentive awards for the named Plaintiffs.

WHEREAS, the Court, having considered all matters submitted to it at the hearing and otherwise, and good cause appearing, the Court enters this Final Judgment.

IT IS HEREBY ORDERED AS FOLLOWS:

1.     This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Litigation, including all matters necessary to effectuate the Settlement, and over Plaintiffs and Defendant Amerisave Mortgage Corporation (collectively, the "Parties").

3.      The Parties have complied in all material respects with the notice plan set forth in Section IV of the Settlement Agreement (the "Notice Plan").  The Settlement Administrator has filed a declaration showing the Parties' compliance with the Notice Plan.  Defendant's Counsel filed with the Court proof of compliance with the Class Action Fairness Act of 2005.  Notice, as set forth in the proposed Settlement and the Notice Plan, was given to all members of the Settlement Class who could be identified with reasonable effort.  The Court finds that notice pursuant to the Notice Plan met the requirements of Fed. R. Civ. P. 23, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and due process, and was the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

4.      The prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) are satisfied in that: (a) the Settlement Class members are so numerous as to make joinder impracticable; (b) common questions of law and fact exist as to all Settlement Class members; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the interests of the Settlement Class will be, and have been, fairly and adequately represented by the Plaintiffs and their counsel of record in the Litigation; (e) such common questions predominate over any questions solely affecting only individual Settlement Class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

5.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies Junichiro Sonoda, Lien Duong, and Marvin Kupersmit as Settlement Class Representatives, and Mehri & Skalet, PLLC; the Sturdevant Law Firm; Donovan Axler, LLC; and Rukin, Hyland, Doria & Tindall as Class Counsel.

6.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this Litigation as a class action on behalf of:

1

2

3

4

5

6

7

> All individuals and entities who (whether as a borrower or a co-borrower) made an application for a mortgage loan to Defendant, did not obtain a mortgage loan from Defendant based on that application, and in connection with that application: (i) were charged a credit check fee by Defendant that exceeded the amount of Defendant's cost to obtain the credit check and paid said fee between July 30, 2009 and May 9, 2011; and/or (ii) were charged a property appraisal fee and paid the appraisal fee to Defendant between August 18, 2008 and the date the Preliminary Approval Order is entered; and/or (iii) were charged a cancellation fee by Defendant and paid said fee to Defendant between August 8, 2007 and June 5, 2012.

8    7.    The Settlement Class, however, shall not include:  (i) all judicial officers in the

9 United States and their families; (ii) all officers, directors, employees or counsel of Amerisave;

10 (iii) all persons who have already settled or otherwise compromised and released these claims

11 against the Released Parties; (iv) all persons who previously received a full refund of the

12 disputed credit check, appraisal, and/or cancellation fees; (v) all persons who previously had the

13 full amount of the disputed credit check and/or appraisal fees applied to a subsequent mortgage

14 loan application that was accepted and the mortgage loan was funded; and (vi) all persons who

15 opted out of the Settlement.

16    8.    All objections to the Settlement, to the extent not previously withdrawn, are

17 overruled.

18    9.    The terms of the Settlement Agreement and Settlement are approved as fair,

19 reasonable, and adequate as to the Parties and the Settlement Class, and the Court hereby finally

20 approves the Settlement Agreement and Settlement in all respects, and orders the Parties to

21 perform its terms to the extent the Parties have not already done so.

22    10.    The Litigation, which the Court finds was filed on a good faith basis in

23 accordance with Fed. R. Civ. P. 11, is hereby dismissed with prejudice, and the Parties are to

24 bear their own costs, except as provided in the Settlement Agreement.

25    11.    Upon the entry of this Final Judgment, the Settlement Class Members have

26 completely discharged, settled, or dismissed with prejudice all Released Claims, whether known

27 or unknown, against all Released Parties and the assertion, prosecution, or continuation by

28

3

Settlement Class Members of any Released Claim is hereby permanently barred and enjoined. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court in this Final Judgment.

12.     Upon the entry of this Final Judgment, each of the Released Parties has fully, finally, and forever released, relinquished, and discharged each and all of the Settlement Class Members and the Class Counsel and Plaintiffs' Counsel from all claims (including unknown claims) relating to or arising out of or connected with the institution, prosecution, assertion, settlement, or resolution of the Litigation and/or the Released Claims. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court in this Final Judgment.

13.     Neither this Final Judgment, the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, or any of the documents or statements referred to therein shall be:

a.     offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or any liability, negligence, fault, or wrongdoing of the Released Parties.

b.     offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Parties;

c.     offered or received against the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such

1   proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

2   provided, however, that the Released Parties may refer to it to effectuate the liability protection

3   granted them hereunder;

4          d.      construed against the Released Parties as an admission or concession that

5   the consideration to be given hereunder represents a recovery which could be or would have

6   been recovered after trial; or

7          e.      construed as or received in evidence as an admission, concession, or

8   presumption against Plaintiffs or any of the Settlement Class members that any of their claims

9   are without merit, or that any defenses asserted by the Released Parties have any merit, or that

10  damages recoverable under the Complaint would not have exceeded the amount set forth in the

11  Settlement Agreement or Settlement.

12         14.     Notwithstanding Paragraph 12, the Parties and Released Parties may file the

13  Settlement Agreement and/or this Final Judgment, and file or reference acts performed or

14  documents executed pursuant to or in furtherance of the Settlement Agreement and/or the Final

15  Judgment: (a) in any action that may be brought against them in order to support a defense or

16  counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release,

17  standing, good faith settlement, judgment bar or reduction, or any other theory of claim

18  preclusion or issue preclusion or similar defense or counterclaim; (b) in furtherance of the

19  Settlement contemplated in the Settlement Agreement; and (c) in any action to enforce the

20  Settlement.

21         15.     The Court finds that all Parties and their counsel have complied with each

22  requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

23         16.     Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class

24  for all matters relating to this Litigation, including the administration, interpretation,

25  effectuation, or enforcement of the Settlement Agreement and this Final Judgment, and including

26  any application for fees and expenses incurred in connection with administering and distributing

27  the Settlement proceedings to the members of the Settlement Class.

28

1    17.    Without further order of the Court, the Parties may agree to reasonable extensions

2  of time to carry out any provisions of the Settlement Agreement.

3    18.    There is no just reason for delay in the entry of this Final Judgment and

4  immediate entry by the Clerk of the Court is expressly directed pursuant to Fed. R. Civ. P. 54(b).

5    **IT IS SO ORDERED.**

6    The Clerk shall close this file and close all related cases.

7

8  DATED: _____, 2013

9

10                                                    _____

11                                                    Honorable Edward M. Chen
                                                     United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28